IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

FARRIS PALMORE, #30966                    *

    Plaintiff,                            *

        v.                                *     1:07-CV-372-WKW
                                                   (WO)

SPECTRACARE CORPORATION, *et al.*,        *

    Defendants.                           *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Farris Palmore ["Palmore"], an inmate incarcerated at the Houston County Jail located in Dothan, Alabama, files this damages action under 42 U.S.C. § 1983 complaining that Defendants violated his constitutional rights by denying him due process and equal protection of the law. Plaintiff names as defendants SpectraCare Corporation, the Director of SpectraCare, The Haven, and Susan Hammitt, Director of The Haven.

Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**I. DISCUSSION**

Palmore asserts that he received a court order to go to The Haven, a substance abuse treatment center. On April 25, 2007 officials with the Houston County Jail transported Palmore to the drug treatment facility where he underwent alcohol testing. After undergoing repeated tests, Palmore's custodians were informed by an employee of The Haven that

Palmore could not stay at the facility and would have to be returned to the jail. Palmore alleges that the nurse who performed the drug testing falsely informed a Houston County Jail official that he tested positive for alcohol because she did not want him accepted at The Haven for treatment. Palmore contends that this conduct violated his right to due process and subjected him to racial discrimination. (Doc. No. 1.)

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50; *Rayburn ex rel. Rayburn v. Hogue*, 241 F3d 1341, 1347-48 (11th Cir. 2001) (emphasis in original).

SpectraCare Corporation is a public, non-profit corporation which provides mental health, mental retardation, and substance abuse services in the Wiregrass region of Alabama.[1] The Haven is a substance abuse treatment center located in Dothan, Alabama, which offers substance abuse treatment on a residential short-term treatment basis.[2] There

---

[1] *Available at  http://www.spcare.com.*

[2] *Available at http://www.spcare.com/Haven.htm.*

is no allegation much less indication that SpectraCare Corporation, The Haven, or employees of these organizations act under color of state law and/or may be considered state actors. *See Rendell-Baker v. Kohn,* 457 U.S. 830, 841 (1982) ( acts of "private contractors do not become the acts of the government [simply] by reason of their . . . engagement in . . . public contracts" regardless of whether such engagement is "significant or even total."). Palmore's claims against the named defendants are, therefore, frivolous and due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **June 5, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981

    Done, this $23^{nd}$ day of May 2007.

                                          /s/ Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE